**In the United States District Court
for the District of Kansas**

———————

Case No. 25-cv-02708-TC-ADM

———————

TOLGA ULUSEMRE, ET AL.,

*Plaintiffs*

v.

LAURA BREWER,

*Defendant*

———————

## ORDER

Plaintiffs Tolga Ulusemre and Xiaolei Xu, proceeding pro se, sued Laura Brewer, the Court Administrator of the Johnson County District Court, in her official capacity. Doc. 1. They allege that the state court's refusal to issue subpoenas for a state administrative hearing violated their First and Fourteenth Amendment rights. Brewer moves to dismiss the Complaint. Doc. 7. Ulusemre and Xu separately move for a preliminary injunction against continued application of the court's so-called foreign-subpoena rule. Doc. 19. For the following reasons, Brewer's motion to dismiss is granted, and Ulusemre and Xu's motion for a preliminary injunction is denied.

**I**

**A**

Brewer contends the Eleventh Amendment precludes a federal court from obtaining subject-matter jurisdiction over Ulusemre and Xu's official-capacity constitutional claims. Doc. 7. A party may move to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). There are, generally speaking, two ways to challenge subject-matter jurisdiction, one being facial and the other being factual. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022). A facial challenge accepts the facts in the complaint as true but argues they fail to state a basis for jurisdiction,

1

while a factual attack contests the validity of jurisdictional facts. *Id.* Either way, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised . . . at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1) and 12(h)(3)). An objection to a lawsuit based on a state's sovereign immunity is an objection that a federal court lacks subject-matter jurisdiction. *See Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019); U.S. Const. amend. XI. Jurisdictional questions may be entwined with the merits of a case. If they are, then a court must convert a putative Rule 12(b)(1) motion into a Rule 12(b)(6) motion or a motion for summary judgment. *Kerr v. Polis*, 20 F.4th 686, 700 (10th Cir. 2021).

These rules do not operate in a vacuum. When plaintiffs, such as Ulusemre and Xu, proceed pro se, a court must construe their pleadings generously. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit a court to construct legal theories on the plaintiff's behalf or assume facts not plead. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B**

The dispute in this case arises from proceedings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. Doc. 1-1 at ¶ 1.[1] Before bringing such a claim in federal court, the Act requires parents to exhaust administrative remedies. 20 U.S.C. § 1415(i)(2), (*l*); *see Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 165 (2017). In Kansas, that process begins with a due process complaint filed with the Kansas State Department of Education and adjudicated by an appointed hearing officer. Kan. Stat. Ann. §§ 72-3415(a), K.S.A. 72-3417.

Ulusemre and Xu, individually and on behalf of their son, A.U., filed such a complaint against Unified School District No. 229 (Blue

---

[1] All references to the parties' filings are to the page numbers assigned by CM/ECF.

Valley) on July 1, 2025. Doc. 1-1 at ¶ 3. The hearing was scheduled to commence on August 26, 2025. Doc. 1-3 at 1.[2]

In preparation for that hearing, Ulusemre and Xu sought testimony from two witnesses. These were Tish Taylor, a psychotherapist who privately evaluated A.U. in the fall of 2023, and Jan Davis, a Blue Valley school psychologist who evaluated him for the district at about the same time. Doc. 1-1 at ¶¶ 5–6. Kansas law provides that a party to a due process hearing "may request the clerk of the district court to issue subpoenas for the attendance and testimony of witnesses and the production of all relevant records, tests, reports and evaluations in the same manner provided for the issuance of subpoenas in civil actions pursuant to K.S.A. 60-245." Kan. Stat. Ann. § 72-3419(b); Doc. 1-1 at ¶ 8. On July 26, 2025, Ulusemre and Xu filed notices of intent to request subpoenas for Taylor and Davis with the hearing officer, and neither Blue Valley nor the hearing officer objected. Doc. 1-1 at ¶ 9.

On August 5, 2025, Ulusemre emailed the Johnson County District Court clerk's office and asked it to issue the subpoenas for the Department of Education hearing. Doc. 1-1 at ¶ 10; Doc. 1-2 at 1. The clerk's office responded that it could not file the subpoenas unless they were filed in an existing civil case or a civil case was created with them. Doc. 1-2 at 3. Ulusemre relayed that answer to the hearing officer, Mike Norris. *Id.* On August 12, 2025, Norris wrote to the clerk's office, cited K.S.A. § 72-3419(b), and asked it to issue the subpoenas or state its reasons for declining. Doc. 1-3 at 1.

The clerk's office answered the same day with instructions for having the subpoenas issued. The clerk's office explained that Ulusemre and Xu should submit the signed subpoenas with a letter or affidavit—which the court would use as the petition to create a new case—along with a $196.50 filing fee, a civil cover sheet, and service forms. Doc. 1-3 at 4–5. Norris then signed the two subpoenas and forwarded the clerk's instructions to Ulusemre and Xu, writing that he "assume[d] the

---

[2] The Complaint attaches the parties' email correspondence with the clerk's office and the hearing officer. Docs. 1-2, 1-3. Those exhibits are referenced in and central to Ulusemre and Xu's Complaint, so they may be considered without converting Brewer's motion into one for summary judgment. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

Parents can now proceed to follow those instructions in order to get the subpoenas issued." *Id.* at 6.

Instead of complying, Ulusemre wrote back to the clerk's office objecting to two of the required forms. The clerk's office reiterated the next morning that it could not file subpoenas to appear without an existing case in Johnson County. *Id.* at 6–7. Ulusemre and Xu characterize these events as the application of a "foreign subpoena" rule that "unequivocally denied" their subpoena requests. Doc. 1-1 at ¶¶ 4, 11. The due process hearing proceeded, and the hearing officer entered judgment for Blue Valley. *Id.* at ¶ 14.

Based on these facts, Ulusemre and Xu commenced this lawsuit. Doc. 1. All claims are asserted against Brewer in her official capacity as court administrator. Doc. 1. The Complaint omits any discussion of any actions taken by Brewer, but attributes a series of actions to the Johnson County District Court. Specifically, it asserts three counts under 42 U.S.C. § 1983. Count I alleges that the "foreign-subpoena rule" deprived Ulusemre and Xu of their First Amendment right to petition their school district for redress of grievances. Doc. 1-1 at ¶¶ 15–20. Count II alleges that the rule denies equal protection to parents who must litigate against their school districts in Kansas State Department of Education administrative hearings before proceeding to court. *Id.* at ¶¶ 21–27. Count III alleges that the rule deprived them of procedural due process. *Id.* at ¶¶ 28–30.

The Complaint seeks two forms of relief. They seek money damages in the form of a reimbursement of A.U.'s private-school tuition incurred since August 2025 and continuing through when he completes his K-12 education. Doc. 1 at 4 (stating they seek monetary damages and no ongoing violation is occurring); Doc. 1-1 at 5 (describing monetary damages). Additionally, they seek an Order from the United States District Court directing the Johnson County District Court to modify, or cease applying, what they refer to as its foreign-subpoena rule. Doc. 1 at 4; Doc. 1-1 at 4. They also seek recusal of the undersigned based on their prior public accusations of bias. Doc. 1-1 at 5.

Brewer has moved to dismiss under Rules 12(b)(1) and 12(b)(6). Doc. 7. Ulusemre alone filed a one-page response urging that the motion be denied. Doc. 10.[3]

Two other sets of filings are on the docket. One concerns Ulusemre and Xu's ongoing efforts to get their disputes reassigned to another district judge and magistrate judge. Doc. 1-1 at 5 (requesting that this case not be assigned to the undersigned or the assigned magistrate judge); Docs. 13, 16 (moving for recusal or disqualification); Docs. 14, 15, 18, 21 (denying those motions).[4] In the other, Ulusemre and Xu moved for a preliminary injunction. Docs. 19, 20. In it, they represent that they filed another due process complaint against Blue Valley with the Kansas State Department of Education on June 3, 2026, that a hearing is anticipated in the coming months, and predict that the "foreign subpoena" rule will again prevent them from obtaining subpoenas. Doc. 20 at 1–2. They therefore reiterate their request for an Order preventing the Johnson County District Court from enforcing the rule when they next request subpoenas. *Id.* at 2–3.

## II

Subject-matter jurisdiction does not exist over the claims in the Complaint because the Eleventh Amendment applies.[5] As a result,

---

[3] Only Ulusemre signed the response. Doc. 10 at 1–2. Unrepresented parties must sign their own filings, Fed. R. Civ. P. 11(a), and Brewer contends that the motion should therefore be granted as unopposed with respect to Xu. Doc. 11 at 1–2; *see* D. Kan. Rule 7.1(c). But even an unopposed motion to dismiss obligates a court to examine the complaint and satisfy itself that dismissal is warranted, as a party's silence does not by itself carry the movant's burden. *Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003). Because the motion is granted on grounds equally applicable to both plaintiffs, it is unnecessary to decide whether Xu's claims fail for that additional reason.

[4] To the extent the Complaint's request concerning judicial assignment, Doc. 1-1 at 5, seeks recusal of the undersigned or the assigned magistrate judge, the request is denied for the reasons stated in the prior orders resolving the same arguments. Docs. 14, 15, 18, 21.

[5] Brewer also asserts that Ulusemre and Xu, as nonlawyers proceeding without counsel, may not bring claims on behalf of A.U. Doc. 7 at 6–7. That is, generally speaking, correct. *See Ulusemre v. Kan. State Dep't of Educ.*, No. 24-4095-TC, Doc. 222 at 14 (D. Kan. June 30, 2026). But it is not necessary to reach the issue of standing because the Eleventh Amendment precludes all

Brewer's motion to dismiss is granted, and there remains nothing to which Ulusemre and Xu's request for preliminary relief could attach.

## A

Brewer argues that the Eleventh Amendment bars this suit against her in her official capacity. Doc. 7 at 7. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. But "sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself." *Alden v. Maine*, 527 U.S. 706, 728 (1999); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890) ("The truth is that the cognizance of suits and actions unknown to the law, and forbidden by the law, was not contemplated by the constitution when establishing the judicial power of the United States."). The phrase "Eleventh Amendment immunity" thus provides a "convenient shorthand" but it is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden*, 527 U.S. at 713. The Supreme Court has therefore recognized that the purpose of the amendment was not to define the scope of the states' immunity; it was to codify "the traditional understanding of sovereign immunity" and clarify any constitutional provisions "that anyone had suggested might support a contrary understanding." *Alden*, 527 U.S. at 723.

Based on this historical context, the Supreme Court has "repeatedly held that the sovereign immunity enjoyed by the States extends beyond the literal text of the Eleventh Amendment." *Federal Mar. Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 754 (2002). Not only are states immune from suits brought by citizens of other states or nations, they are also immune from federal claims in state court, *Alden*, 527 U.S. 706, suits by Indian tribes, *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775 (1991), suits by foreign nations, *Principality of Monaco v. Mississippi*, 292 U.S. 313 (1934), admiralty proceedings, *Ex parte New York*, 256 U.S. 490 (1921), suits by federal corporations, *Smith v.*

---

of the claims in the Complaint regardless of who asserts them. *See Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 735 n.4 (10th Cir. 2024) (noting a federal court has "leeway to choose among threshold grounds for denying audience to a case on the merits" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

*Reeves*, 178 U.S. 436 (1900), and suits by their own citizens, *Hans*, 134 U.S. 1.

Immunity extends not only to the State, but also to governmental entities considered to be arms of the state. *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). And, as a result, it necessarily extends to the state's employees when they are sued for monetary damages in their official capacity. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017); *see also Wisdom Ministries, Inc. v. Garret*, No. 23-5098, 2024 WL 3770934, at *1 (10th Cir. Aug. 13, 2024) (explaining that Eleventh Amendment immunity for official-capacity claims extends to requests for nominal damages). Federal courts do not have subject-matter jurisdiction over claims barred by the Eleventh Amendment, so official-capacity claims against state officials seeking monetary relief must be dismissed without prejudice. *Williams*, 928 F.3d at 1214.

The Eleventh Amendment applies to Ulusemre and Xu's claims. Ulusemre and Xu sued Brewer only in her official capacity as the Court Administrator of the Johnson County District Court. Doc. 1 at 1–2. A suit against a state official in his or her official capacity "is not a suit against the official but rather is a suit against the official's office." *K. A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).[6] And Brewer's office is an office of the State of Kansas. The Kansas Constitution vests the state's judicial power "exclusively in one court of justice," divided into "one supreme court, district courts, and such other courts as are provided by law." Kan. Const. art. 3, § 1. The district courts, including the one serving Johnson County, are components of that unified state judicial branch, and their nonjudicial personnel are classified under a statewide system created by the Kansas Supreme Court. K.S.A. 20-162(a); *see Buchheit v. Green*, 705 F.3d 1157, 1158–59 (10th Cir. 2012) (affirming

---

[6] Brewer's brief also invokes the absolute quasi-judicial immunity that protects court clerks performing judicial functions. Doc. 7 at 8. But that defense belongs to officials sued in their individual capacities. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011). Ulusemre and Xu expressly chose to proceed against Brewer in only her official capacity and there are no allegations that Brewer has done anything that would support an individual-capacity claim. Doc. 1. As a result, this Order construes the Complaint to assert only an official-capacity claim. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (noting courts "look to the substance of the pleadings and the course of the proceedings" to determine whether a suit seeks to impose individual or official liability).

the dismissal, on immunity grounds, of official-capacity claims against the Clerk of the Kansas Appellate Courts and a Shawnee County judge); *see also Jackson v. Mason*, No. 24-3131, 2025 WL 2528310, at *3–4 (10th Cir. Sept. 3, 2025) (affirming district court dismissal of claims against Johnson County District Court judge on Eleventh Amendment immunity grounds).

There are at least two clarifications that need to be made concerning the relief being sought. First, the Eleventh Amendment bars any claim against a state official in her official capacity seeking monetary damages. *Sanchez v. Torrez*, 173 F.4th 1202, 1219 (10th Cir. 2026) (quoting *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). That is most of the relief Ulusemre and Xu seek. Doc. 1 at 4 (seeking payment for past and future educational expenses); Doc. 1-1 at 4–5 (same). And, as a result, the Eleventh Amendment precludes it. *Sanchez*, 173 F.4th at 1219.

The other concerns non-monetary relief. In certain circumstances, a plaintiff's official-capacity suit seeking prospective injunctive relief may proceed without offending the Eleventh Amendment, but only if it "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Sanchez*, 173 F.4th at 1218 (relying on, among others, *Ex parte Young*, 209 U.S. 123 (1908)). This limited exception does not apply to Ulusemre and Xu's Complaint because they expressly alleged there was no ongoing violation. Doc. 1 at 4. Indeed, the hearing for which Ulusemre and Xu sought (and were denied) subpoenas concluded with a judgment for Blue Valley, Doc. 1-1 at ¶ 14. An order directing the state court to treat the failed subpoena requests differently would merely "address alleged past harms," which makes the relief retrospective no matter its label. *Buchheit*, 705 F.3d at 1159.

Nor would the nature of the injunctive relief be proper even if the Complaint had alleged ongoing violations. The limited exception permitting suits for prospective, injunctive relief "does not normally permit federal courts to issue injunctions against state-court judges or clerks," who "do not enforce state laws as executive officials might" but instead "work to resolve disputes between parties." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). As *Ex parte Young* itself explained, "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government." 209 U.S. at 163. Thus, an order compelling the Johnson County District Court to change how its personnel process subpoena requests would be an

8

injunction against that machinery, directed at the administrator who oversees it.

Ulusemre challenges this conclusion by describing it as a "desperate and nonsensical attempt to extend the 11th Amendment to local government bodies smaller than the state." Doc. 10 at 1. But the Johnson County District Court is not a local government body. As discussed above, it is a component of Kansas's unified state judicial branch, and official-capacity claims against its officers are claims against the State. Kan. Const. art. 3, § 1; *Buchheit*, 705 F.3d at 1158–59.

The Eleventh Amendment precludes all the relief Ulusemre and Xu seek. As a result, their Complaint is dismissed for lack of subject-matter jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

**B**

Ulusemre and Xu filed a motion for a preliminary injunction. Docs. 19, 20. A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain one, the movant must establish a substantial likelihood of success on the merits, irreparable harm absent an injunction, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest. *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citing *Winter*, 555 U.S. at 20); *see also Pryor v. Sch. Dist. No. 1*, 99 F.4th 1243, 1250 (10th Cir. 2024). The remedy's "limited purpose" is "merely to preserve the relative positions of the parties until a trial on the merits can be held." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Where, as here, the Eleventh Amendment precludes relief, the plaintiffs cannot establish likelihood of success and the requested relief must be denied. *United States v. Hopson*, 150 F.4th 1290, 1297 (10th Cir. 2025) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("[w]ithout jurisdiction the court cannot proceed at all in any cause."); *Buchheit*, 705 F.3d at 1158–59 (affirming the dismissal, for want of jurisdiction, of a pro se suit seeking an order that would have required Kansas court officials to accept the plaintiff's filings). As a result, that motion is denied.

9

### III

For the foregoing reasons, Brewer's motion to dismiss, Doc. 7, is GRANTED, and the Complaint is dismissed for lack of subject-matter jurisdiction. Ulusemre and Xu's motion for injunctive relief, Doc. 19, is DENIED.

It is so ordered.

Date: July 29, 2026            s/ Toby Crouse
                               Toby Crouse
                               United States District Judge

10